**Albert STAIN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 14774.**

United States Court of Appeals
Ninth Circuit.

June 15, 1956.

**340**

G. Bernhard Fedde, Portland, Or., for appellant.

C. E. Luckey, U. S. Atty., James W. Morrell, Asst. U. S. Atty., Portland, Or., for appellee.

Before STEPHENS, BONE, and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

Albert Stain was found guilty (jury waived) of wilfully refusing to submit to induction into the Armed Forces of the United States, Universal Military Training and Service Act, Title 50 U.S.C.A. Appendix, § 462,[1] and appeals, claiming the status of conscientious objector.

Appellant first registered under the Selective Service Act on November 6, 1946, but made no claim relative to conscientious objection to war. His local board classified him 1–A and gave notice thereof to him. He took no appeal. In 1947 he notified his board that he had moved to Canada. Subsequently he returned to the United States and, on January 5, 1949, again registered with the same local board, this time under the Universal Military Training and Service Act.[2]

The standard classification questionnaire form, Series XIV, page 7, relating to conscientious objector claims, was not filled out. In fact, nothing in either registration questionnaire, as filled out by appellant, gave the slightest hint that the registrant held conscientious objector views. Again, appellant was classified 1–A, was so notified, and again no appeal was taken. Subsequent to such classification the board notified appellant to report for physical examination and, on September 6, 1950, he took and passed the examination. Apparently, while being examined, he made some reference to the subject of conscientious objection, and was informed that he could get the special form, as to that subject, from his board. Acting upon such information, he received and filled out and returned the form to the board with reasonable promptness, setting up facts upon which he claimed the status of conscientious objector. We quote the applicable statute in the margin.[3] The facts set forth refer to his religious bringing up in a Christian family and his reading of the Bible. They are vague as to facts bearing upon a conscientious objection to war, and all of them relate to his religious habits from childhood to the present. There is nothing, as to any change of belief since either registration.

---

1. Enacted June 24, 1948, c. 625, Title 1, § 12, 62 Stat. 622. (Under the Selective Training and Service Act of 1940, former sections 301–318 of this Appendix [to Title 50 U.S.C.A.] provisions relating to offenses and punishment were covered by former section 311 of this Appendix.)

2. Title 50 U.S.C.A.Appendix, § 451 et seq., June 24, 1948, c. 625, Title 1, 62 Stat. 604.

3. Section 6(j) of the Selective Service Act of 1948, Title 50 U.S.C.A.Appendix, § 456 (j), provides in part:

"Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological or philosophical views or a merely personal code. * * * Any person claiming exemption from combatant training and service because of such conscientious objections shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board. * * *"

On September 26, 1950, there was placed in appellant's file a statement as follows:

"Board decided that inasmuch as Albert Stain, on the basis of his Questionnaire, was given a physical examination and found acceptable without protest, his record cannot be reopened."

No notice of this decision was sent to appellant. On October 3, 1950, appellant was ordered to report for induction, and on October 18, 1950, he appeared at the induction station and was found physically acceptable, but he declined to be inducted. This prosecution and conviction followed.

Appellant here seeks a reversal of the judgment of conviction, claiming that the action of his local board denied him procedural due process. His main contention is that the local board arbitrarily refused to consider his conscientious objector form upon its merits.

At the trial, counsel for appellant argued that appellant did not originally claim conscientious objector status because of mistaken advice from a cousin who helped him fill out his questionnaire, and because of appellant's lack of understanding of Selective Service regulations, owing to his low mentality. There was evidence presented at the trial which showed that appellant was given a neuropsychiatric evaluation at the request of the Selective Service after his refusal to be inducted and was found by the examining doctor "to fall into the category of the mildly, inadequate, somewhat emotionally unstable group of individuals who might possibly break down under severe enough stress and strain." From the documents in appellant's file, it was argued that it might have been found, had the board considered the merits of his claim, that appellant did not previously apply for such status due to lack of knowledge as to such a classification.

Government argues that appellant should not be allowed to contest the validity of his 1–A classification since he did not appeal from being so classified and thus did not exhaust his administrative remedies. If we were merely called upon to determine whether or not there was a basis-in-fact for such 1–A classification, we might agree with appellee. But we are here dealing with a different phase of the case.

As heretofore said, no previous objection to the 1–A classification had been made and no claim as to conscientious objection to war had been voiced by appellant.

The Selective Service System regulations provide as follows:

Title 32 C.F.R. § 1625.1(a):[4] "Classification Not Permanent. (a) No classification is permanent."

Title 32 C.F.R. § 1625.2:[5] "When Registrant's Classification May Be Reopened And Considered Anew. The local board may reopen and consider anew the classification of a registrant (1) upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * * provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * *."

 Title 32 C.F.R. § 1625.4:[6] "Refusal To Reopen And Consider Anew Registrant's Classification. When a registrant * * * files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the regis-

---

**4.** 1949 Edition. Authority: §§ 1625.1 to 1625.14 issued under section 10, Pub.Law 759, 80th Congress, now 50 U.S.C.A.Appendix, § 460. Source: §§ 1625.1 to 1625.14 contained in E.O. 9988, 13 F.R.

4859. Redesignation noted at 14 F.R. 5021.

**5.** Same as note 4, supra.

**6.** Same as note 4, supra.

trant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. In such a case, the local board, by letter, shall advise the person filing the request that the information submitted does not warrant the reopening of the registrant's classification and shall place a copy of the letter in the registrant's file. * * *." [7]

■ At the time appellant filed SSS Form 150 (Special Form for Conscientious Objectors), he had not been ordered inducted but had only been physically examined. Therefore, under the regulations (see § 1625.4, supra), *if*, in the board's opinion, his filled-in form 150 contained information in addition to that considered when appellant was classified 1–A and/or "new facts", which presented a prima facie case for a conscientious objector classification, the local board should have reopened the record for the determination of whether appellant was entitled to the change requested.

It does not appear that the board followed the regulations set out above. Instead, with the conscientious objector form for reclassification before it, the board decided that the petition came too late. The board's statement, which we have heretofore quoted is as follows:

"Board decided that inasmuch as Albert Stain, on the basis of his Questionnaire, was given a physical examination and found acceptable without protest, his record cannot be reopened."

We transpose the board's statement in order more readily to understand it, to-wit:—

"Inasmuch as appellant was given a physical examination in accordance with his classification as shown by his questionnaire and he was found acceptable and he made no protest then about it, his record cannot be reopened."

It is certain that this board order, denying appellant's petition for reclassification, was not based at all upon the information in the integrated questionnaire as it stood immediately after the SSS Form 150 had been filed. (It is plainly printed upon SSS Form 150 that when it is filed, it becomes a part of the registrant's questionnaire.) Here, the conscientious objector SSS Form 150 was filed after the event which the board seemingly found to constitute a cut-off date precluding reopening. As we have seen (regulation § 1625.2, supra), the real cut-off event (with an exception not here pertinent) is the *mailing of the order for induction*.

7. United States ex rel. La Charity v. Commanding Officer, 1944, 2 Cir., 142 F.2d 381, 382, dealing with a similar situation under World War II regulations and pointing out that if a denial of reopening was subject to an administrative appeal a registrant could postpone his induction indefinitely. Olvera v. United States, 5 Cir., 1955, 223 F.2d 880, contains erroneous dicta that there is an administrative appeal from a denial of reopening. The regulations do not support that holding. There is an appeal only if there has been a reopening.

In our case, the fact that there is no appeal affects the case in another manner. The Government cites this court's opinion in Williams v. United States, 1953, 9 Cir., 203 F.2d 85, certiorari denied 345 U.S. 1003, 73 S.Ct. 1149, 97 L.Ed. 1408, and quotes from p. 87 thereof:

"The administrative trial on the issues was before the Board. The Board ruled adversely to appellant's claims and he did not avail himself of the right to appeal. After intentionally refusing to conform to the order of the Board, the selectee may not challenge his classification in a criminal prosecution for his failing to do so since he also failed to pursue the appellate steps provided by the Selective Service Act. Falbo v. United States, 1944, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305."
We add the concluding sentence which was omitted by the Government in its brief, of the paragraph from which the above quotation is taken:
"The district court has no power to try these issues though it has the power and duty to see that due process has been had."

It therefore appears that the denial of the petition to reopen and reclassify was made independently of, and without consideration of, the petition's contents.

The board did not even obey the directive contained in Regulation § 1625.4,[8] supra, as to notice to appellant of its ruling, though we are not clear that prejudice resulted from this oversight, since there is no administrative appeal from a denial of reopening.[9] However, with prompt notice, appellant could have protested the ruling with at least a chance that the board would have seen and corrected its procedure.

We hold that the procedure followed by the board, in arriving at its ruling denying the petition to reopen and reclassify, was illegal and deprived appellant of due process of law, and that he was prejudiced thereby.

We are not holding that the board could, or could not, have determined from the evidence that there was a basis-in-fact for the denial. See United States v. Ransom, 7 Cir., 1955, 223 F.2d 15. That question was one the board should have answered but it did not. Had it considered the question, it would have had to apply Regulations §§ 1625.1(b),[10] 1641.-1,[11] and 1641.2(b).[12]

Since due process of law has not been accorded to appellant by the board, to his substantial prejudice, the board's order is void and appellant's refusal to be inducted under it was not a criminal or illegal act.[13]

Reversed.

CHAMBERS, Circuit Judge (concurring).

It is apparent to me that the trial judge who saw and heard Stain on the witness stand concluded from Stain's testimony that Stain's claim of conscientious objection and inability to under-

8. Title 32, C.F.R. § 1625.4: " * * * In such a case, the local *board, by letter, shall advise the person* filing the request that the information submitted does not warrant the reopening of the registrant's classification, and shall place a copy of the letter in the registrant's file."

9. See footnote 7, supra.

10. Title 32 C.F.R. § 1625.1 (1949 Ed.): "Classification Not Permanent. * * * (b) Each classified registrant and each person who has filed a request for the registrant's deferment shall, within 10 days after it occurs, report to the local board in writing any fact that might result in the registrant being placed in a different classification such as, but not limited to, any change in his occupation, marital, or dependency status, or in his physical condition. Any other person should, within 10 days after knowledge thereof, report to the local board in writing any such fact." Issued under Sec. 10, Pub.Law 759, 80th Congress. Contained in E.O. 9988, 13 F.R. 4859. Redesignation noted at 14 F.R. 5021.

11. Title 32 C.F.R. § 1641.1 (1949 Ed.): "Notice Of Requirements Of Selective Service Law. Every person shall be deemed to have notice of the requirements of Title I of the Selective Service Act of 1948 upon publication by the President of a proclamation or other public notice fixing a time for any reg-istration. This provision shall apply not only to registrants but to all other persons." Issued under Sec. 10, Pub.Law 759, 80th Congress. Contained in E.O. 10001, 13 F.R. 5483. Redesignation noted at 14 F.R. 5021.

12. Title 32 C.F.R. § 1641.2(b) (1949 Ed.): "Notice Of Requirements of Selective Service Law. * * * (b) If a registrant or any other person fails to claim and exercise any right or privilege within the required time, he shall be deemed to have waived the right or privilege." Issued under Sec. 10, Pub.Law 759, 80th Congress. Contained in E.O. 10001, 13 F.R. 5483. Redesignation noted at 14 F.R. 5021.

13. Our instant case is distinguishable from Olvera v. United States, 5 Cir., 1955, 223 F.2d 880, 881, note 1, where the registrant appeared before the board and the board " * * * 'announced at the conclusion of the hearing that it was not mandatory on it to reopen the classification' and that 'they declined to do so;' * * *."

It may be that we would not reach that conclusion in our instant case if, upon inspection of the completed SSS Form 150 it proved to be frivolous, wholly unsubstantial, and unworthy of any consideration. It is not, and cannot be, contended in good faith that appellant's conscientious objector form is so deficient.

stand the selective service proceedings was a sham. In this, the trial judge should have every intendment. However, under the particular circumstances here, I concur that the local board did not give the defendant due process.