**UNITED STATES of America**
v.
**William G. LONSETH, Defendant.**
No. Cr. 68-128.

United States District Court
D. Oregon.

Feb. 11, 1969.

Sidney I. Lezak, U. S. Atty., Portland, Or., for the United States.

G. Bernhard Fedde, Portland, Or., for defendant.

## OPINION AND FINDING

SOLOMON, Chief Judge:

William G. Lonseth refused to submit to induction into the armed forces of the United States. He was indicted and tried by this Court.

The only issue is whether Lonseth's Local Board had a basis in fact to deny him conscientious objector status. If the classification of a local board is without a basis in fact, there is no duty to obey it. 50 U.S.C. App. § 460(b) (3). Stain v. United States, 235 F.2d 339 (9th Cir. 1956).

A person may qualify for conscientious objector status under the Military Selective Service Act of 1967 if "by religious training and belief" he "is conscientiously opposed to participation in war in any form." But "the term 'religious training and belief' does not include essentially political, sociological, or philosophical views, or a merely personal moral code." 50 U.S.C. App. § 456(j).

The predecessor of the 1967 Act defined "religious training and belief" as "an individual's belief in a relation to a Supreme Being involving duties superior

to those arising from any human relation * * *."

The Supreme Court, in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), refused to read the statute as requiring a belief in an anthropomorphic God. Instead it held that a registrant is entitled to conscientious objector status if "a given belief that is sincere and meaningful occupies a place in [his] life * * * parallel to that filled by the orthodox belief in God of one who clearly qualifies for the exemption." 380 U.S. at 166, 85 S.Ct. at 854. Subsequently, the 1967 Act deleted the reference to "Supreme Being."

■■ If a registrant's uncontroverted evidence shows he is entitled to a requested classification, the Court must "search the record for some affirmative evidence to support the local board's overt or implicit finding that a registrant has not painted a complete or accurate picture of his activities." This much-quoted language from Dickinson v. United States, 346 U.S. 389, 396, 574 S. Ct. 152, 157, 98 L.Ed. 132 (1953), means that when a registrant states objective facts entitling him to a classification, a "board could not, without any contrary evidence, simply say it disbelieved him 'even in the absence of any impeaching or contradictory evidence.'" Parrott v. United States, 370 F.2d 388, 391 (9th Cir. 1966) (quoting Dickinson, supra, 346 U.S. at 396, 74 S.Ct. at 157).

■ Dickinson involved a ministerial exemption. Conscientious objection requires a different approach. The Sixth Circuit, after reviewing Dickinson, said: "Where, however, the veracity of the registrant is the principal issue, disbelief will suffice. But even in the latter situation, the record must contain some statement of this disbelief if the classification is to be upheld upon judicial review." United States v. Washington, 392 F.2d 37, 39 (6th Cir. 1968) (involving a conscientious objection claim). Inconsistent statements or actions, or even demeanor, may support a finding of insincerity. Parrott v. United States,

supra. But the board, if its decision stems from disbelief, should specify the statements it disbelieves. This will allow a registrant to prepare an effective appeal. United States v. St. Clair, 293 F. Supp. 337 (E.D.N.Y.1968). The Selective Service System has the responsibility to rule on a registrant's request. Court review is designed to prevent isolated instances of arbitrary action. A court should not be forced to speculate on the local board's basis in fact for its decision.

The Local Board rejected Lonseth's request for conscientious objector status because it questioned his sincerity and because it did not believe his beliefs entitled him to a I–O classification.

Lonseth submitted his Form 150 after receiving an order to report for induction. He stated that he would have submitted the Form 150 earlier but, as a result of a misunderstanding with the clerk of the Local Board, he did not believe he could qualify for a I–O classification. The Local Board reopened Lonseth's classification with permission from the State Director's office. The effect of this reopening was to cancel his induction notice and permit him to personally appear before the Local Board and then appeal to the Appeal Board if his requested classification was denied. Lonseth did exhaust these administrative remedies before refusing to obey a subsequent induction order.

■ The Local Board's determination of insincerity is evidently based on Lonseth's failure to submit a Form 150 before receiving his first induction notice. Yet, this delay was excused because it was caused by misunderstanding. It would be incongruous and contradictory now to use the delay as a basis for a finding of insincerity.

■ Nor do I believe the Board really relied on insincerity as a ground for denying Lonseth his I–O. The Board goes on to state that Lonseth's claim is not based on "religious training and belief, but on his own personal code, partly moral and partly political."

**860**

I have carefully reviewed the answers in Lonseth's Form 150. Considering these, in conjunction with the medical information in Lonseth's file, I conclude that the Local Board did not have a basis in fact to deny Lonseth a I–O classification. Lonseth's beliefs are similar in many respects to the beliefs of the defendants in United States v. Seeger, *supra*.

I find the defendant not guilty as charged in the indictment.