**Leon Leonard MIZRAHI, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22727.**

United States Court of Appeals
Ninth Circuit.
April 9, 1969.

---

Hugh R. Manes (argued), David B. Finkel, Los Angeles, Cal., for appellant.

Erick A. Nobles (argued), Asst. U. S. Atty., Wm. Matthew Byrnes, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG and ELY, Circuit Judges, and TAYLOR *, District Judge.

JERTBERG, Circuit Judge:

Following trial to the Court, sitting without a jury, a jury trial having been expressly waived, in writing, in the manner and form required by law, appellant, Leon Leonard Mizrahi, was convicted of having refused induction into the Armed Forces in violation of Sec. 12 of the Universal Military Training and Service Act, 50 U.S.C.App. § 462, and on the 29th day of November, 1967, was sentenced to the custody of the Attorney General for a period of three years. He appeals, invoking the jurisdiction conferred on this Court by 28 U.S.C. §§ 1291, 1294.

The appellant registered on May 22, 1956, while a high school student, with Local Board No. 118, Gardena, California. He was placed in Class I–A on June 3, 1956.

On June 10, 1957, the Local Board received the Classification Questionnaire (Form SS–100), in which no claim of conscientious objector was made.

Appellant remained classified as I–A until November 4, 1959, when he was reclassified in Class II–S (Student Deferment) because of his enrollment as an undergraduate at a university. Thereafter, and until September 9, 1964, appellant remained classified in II–S, during which period he completed his undergraduate work at the University, and graduated from the University of California School of Medicine.

On September 9, 1964, appellant was placed in Class II–A (Occupational Deferment), until July of 1965, during which period he completed his internship in medicine at the University of Kansas Medical Center.

---

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

On January 6, 1965, while appellant was completing his internship, appellant was placed in Class I–A. Appellant inquired of the Board why his classification had been changed to I–A, and whether his name had been selected for the April draft of physicians.

On March 10, 1965, the Board informed appellant that the change in his classification was due to the need for doctors in the Armed Forces, but that he would be allowed to complete his internship. Appellant was found acceptable for induction into the Armed Forces and on April 13, 1965, was ordered for induction on July 1, 1965.

On April 13, 1965, appellant was also notified by the Board advising him of his opportunity for a commission in the United States Navy.

On April 26, 1965, the Board was informed by the United States Public Health Service that appellant had applied for a commission in that Service, and requested a statement as to his induction status.

On April 26, 1965, appellant was notified by Headquarters Fifth United States Army that he had been allocated for military service to the United States Navy and requested that he apply for a commission.

On April 26, 1965, the Local Board was informed by the Cedars-Sinai Medical Center in Los Angeles that appellant had been accepted there as a resident doctor-in-training in pediatrics. On April 29, 1965, the Local Board was notified by the State Director of Selective Service to cancel appellant's order for induction as a result of his residency training.

On August 4, 1965, appellant was placed in Class II–A (Occupational Deferment), until August 1966.

On October 7, 1965, appellant's file was forwarded to the State Director for review. On that date the Board ordered appellant to report for pre-induction physical on October 23, 1965. On October 20, 1965, the file was returned to

the Board with an accompanying letter reading:

"The attached file is returned with our recommendation that the subject first year resident physician be considered for reclassification into a class available for service under the provisions of Operations Bulletin No. 280.

"If this physician is classified in a class other than I–A or I–A–O, it is requested that the file be returned to this headquarters for further review."

On November 3, 1965, appellant was again ordered for physical examination on November 19, 1965.

On January 24, 1966, the Local Board placed the appellant in Class I–A and notice of said classification was mailed to him.

On January 25, 1966, a statement of acceptability for service was mailed to appellant. On January 31, 1966, the Board received a letter from the appellant appealing his I–A classification. Appellant's file was forwarded to the Appeal Board and on February 24, 1966, by a vote of 3–0, appellant was classified in Class I–A, and a notice of said classification was mailed appellant on that date.

On Monday, February 28, 1966, the Local Board mailed to appellant an order for induction on March 15, 1966.

On the same Monday [February 28, 1966], the Board received a letter from appellant, dated Saturday, February 26, 1966, reading as follows:

"I wish to claim status as a conscientious objector and be classified as I–O.

"Please send me application forms SSS 150."

The envelope containing the letter bears postal cancellation mark, Sunday, February 27, 1966. Conscientious objector form [SSS–150] was mailed to appellant by the Board on March 2, 1966, directing the completion and return of the same on or before March 8, 1966.

On March 7, 1966, the Board received a letter from appellant protesting the in-

adequacy of the time allowed for completion of Form 150, objecting to the treatment of his claim "as a late request", and asking that his induction notice be cancelled pending disposition of his conscientious objector claim.

On March 8, 1966, the Board received appellant's completed special form for conscientious objector. Minutes of appellant's Selective Service file reflect the following entry under date of March 10, 1966:

|  | Vote | |
|---|---|---|
|  | Yes | No |
| "Board members contacted, file reviewed, new information does not warrant reopening of classification. Must report for induction as ordered. | 2 | 0 " |

On March 11, 1966, the Local Board acknowledged receipt of appellant's communication relative to his Selective Service status, and informed the appellant that the

"information contained therein has been considered by this board and it is of the opinion that the facts presented do not warrant the reopening or reclassification of your case at this time."

On March 15, 1966, appellant reported to the induction station and thereafter refused induction into the Armed Forces as ordered by the Board on February 28, 1966. Thereafter appellant was indicted, convicted and sentenced, as heretofore stated.

Appellant was represented throughout the trial and on this appeal by retained counsel.

At the trial, the Government's case consisted of the introduction of appellant's Selective Service file which we have above summarized, and a written statement signed by appellant in the presence of a member of the Federal Bureau of Investigation.

Appellant's case consisted of the testimony of appellant, and a Mrs. Armand, the Clerk of the Board, whose testimony clearly reflects that on March 10, following receipt of appellant's completed conscientious objector form, she contacted two of the three members of the Board by telephone—the third member being unavailable—and polled them on the

question of reopening, and that an actual face-to-face meeting of the members of the Board did not take place.

On this appeal, appellant makes no claim or contention that any error, procedural or substantive, occurred in his case prior to February 28, 1966.

Appellant's specification of errors is as follows:

"1. Appellant was deprived of due process of law which vitiated his conviction by reason of:

(a) The failure of the Local Board to hold a meeting and consider thereat his request for reclassification as a conscientious objector;

(b) The failure of the Local Board to reopen appellant's classification after he presented new facts making out a prima facie case for classification as a conscientious objector;

(c) The issuance of an induction order by the Board prior to the expiration of appellant's time for administrative appeal.

"2. The evidence is insufficient in that it does not support the allegation in the indictment that appellant failed and neglected to perform a duty required of him under § 462 of 50 U.S. C.A. App., for all of the reasons set forth in Specification No. 1, and for the additional reason that the Local Board acted in excess of its jurisdiction by failing to comply with Selective Service Regulations which afford-

ed appellant procedural due process rights."

We have concluded that the judgment must be reversed for the reason that appellant was denied due process when the Local Board refused to open and consider anew his classification upon his written request, timely filed with the Board.

The pertinent Selective Service Regulations [Title 32 C.F.R.] in relevant parts provide:

§ 1625.1(b).

"Each classified registrant * * * shall, within 10 days after it occurs, report to the local board in writing any fact that might result in the registrant being placed in a different classification * * *."

§ 1625.2

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, * * *, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; * * *; provided, * * *, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

§ 1625.4

"When a registrant, * * * files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. In such a case, the local board, by letter, shall advise the person filing the request that the information submitted does not warrant the reopening of the registrant's classification and shall place a copy of the letter in the registrant's file. * * *."

§ 1641.2(b)

"If a registrant * * * fails to claim and exercise any right or privilege within the required time, he shall be deemed to have waived the right or privilege."

The Government contends:

(a) that appellant's written request to reopen, filed with the Local Board on Monday, February 28, 1966, was not timely filed under § 1625.2, because on the same day it mailed to registrant an Order to Report for Induction (SSS Form No. 252);

(b) that the new facts presented in such request to reopen did not justify a change in the appellant's classification; and

(c) that appellant failed to report to the Local Board, in writing, within ten days after it occurred, as required by § 1625.1(b), the fact that he became a conscientious objector and that by such failure appellant, by reason of the provisions of § 1641.2(b), waived his right to request a reopening of his classification.

As related above, appellant's letter requesting reopening was dated Saturday, February 26, 1966. The envelope containing the letter bore postal cancellation mark Sunday, February 27, 1966. The letter was received by the Local Board on Monday, February 28. The order of the Local Board directing appellant to report for induction was mailed Monday, February 28, 1966. Neither communication bears a time stamp showing the precise time of the day either document was received, or mailed, by the Local Board. Since appellant's letter bears postal cancellation on Sunday, February 27, it is reasonable

to assume that in the usual and ordinary routine of business the letter was received by the Local Board on the first delivery of mail on Monday morning, February 28, and it is likewise reasonable to assume, for the same reason, that the Order of the Local Board dated February 28, was prepared and mailed during that day after the receipt of appellant's letter. Any doubt on this subject should be resolved in favor of appellant.

In such letter appellant stated that he wished to claim status as a conscientious objector and be classified as I–O. He also requested Conscientious Objector Form SSS 150. The form was mailed to appellant on March 2, 1966. It was completed by him and received by the Local Board on March 8, 1966, which was after the mailing to appellant, on February 28, 1966, of the Order to Report for Induction. We regard the filing of the completed form simply as supplementary to appellant's letter of February 26, 1966, requesting a reopening of his classification.

Local Board Memorandum No. 41, issued by the Director November 30, 1951, as amended July 30, 1968, deals with "Claims of Conscientious Objection." In relevant part it provides:

"A registrant should be considered to have claimed conscientious objection to war if he has signed Series VIII of the Classification Questionnaire (SSS Form 100), if he has filed a Special Form for Conscientious Objector (SSS Form 150), *or if he has filed any other written statement claiming that he is a conscientious objector*. (Emphasis ours.)

Clearly, appellant's letter of February 26, 1966, is a "written statement claiming that he [appellant] is a conscientious objector."

Section 1621.11 states in relevant part:

"A registrant who claims to be a conscientious objector shall offer information *in substantiation of his claim* on a Special Form for Conscien-

tious Objector (SSS Form 150) which, when filed, shall become a part of his Classification Questionnaire (SSS Form 100)." (Emphasis ours.)

In these circumstances it must be deemed that appellant's written request stated his claim as a conscientious objector and was received by the Local Board before it mailed to appellant its Order to Report for Induction. Hence, appellant's written request to reopen his classification was timely filed.

In its entry of March 10, 1966, the Local Board recognized that appellant, in his request for reopening, had furnished new information to that which already appeared in his file, but stated that reopening of his classification was not justified. It did not deal with the alleged facts as a question of whether this legally could provide basis for a reopening to be made, so as to entitle consideration and evaluation to be engaged in thereafter. As stated in the en banc decision in Petrie v. United States, 407 F.2d 267, 274 (9th Cir. 1969).

"As applied to an action of the local board in refusing to reopen a classification pursuant to a registrant's request, the basis in fact test is substantially different in degree from that applied to the board's final classification decision. As to the latter action, basis in fact consists of 'some proof'—something which may be less than substantial evidence—to support the *evaluative classification decision*. Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 98 L.Ed. 132 (1953). In comparison, the Regulations governing reopening, quoted *supra*, have been construed to require only that the registrant present to the local board a 'prima facie case' supporting his request for placement in another classification. *E. g.*, Stain v. United States, 235 F.2d 339, 342 (9th Cir. 1956). Thus, 'refusal to reopen has no basis in fact if the written request to reopen sets forth a prima facie case for reclassification and if it contains some allegations of fact in addition to those considered when the

registrant was originally classified.' Woo v. United States, 350 F.2d 992, 997 (9th Cir. 1965) (Hamley, J., dissenting on other grounds).

"Few courts have attempted to define that which was meant by the *Stain* court when it employed the term 'prima facie case.' One District Court explained that '[t]he Board is mandated into at least looking at the facts as stated, considering whether it has previously known those facts when its prior classification was made and considering whether the facts stated, if true, would, to *any* reasonable mind, justify a reclassification.' United States v. Longworth, 269 F.Supp. 971, 974 (S.D. Ohio 1967) (emphasis in original). While our court recently indicated in *Miller*, discussed *supra*, that when the new information received must be 'weighed * * * against other probative factors,' then a reopening is necessary, Miller v. United States, 388 F.2d [973] at 976, this suggestion does not mean that the board is required to reopen when all reasonable men would agree that the new claim was frivolous or that the alleged facts would not justify reclassification.

"Although it might be properly determined in reopened proceedings that the registrant was not entitled to placement in the newly requested classification, the registrant's right to a reopening is not an insignificant right. The Regulations provide no means for administrative review of a local board's decision not to reopen a registrant's classification. *E. g.*, Stain v. United States, 235 F.2d 339, 343 (9th Cir. 1956). In contrast, '[w]hen the local board reopens the registrant's classification, it shall consider the new information which it has received and shall again classify the registrant in the same manner as if he had never before been classified.' 32 C.F.R. § 1625.11. The Regulations specifically grant to the registrant the right thereafter to take his case to the appeal board. 32 C.F.R. § 1625.13.

The registrant's important right to administrative review of the local board's *evaluative* decisions is thereby expressly preserved. These are the reasons which make it obligatory for the board to reopen upon the presentation of a prima facie showing." (Emphasis in original).

■■ We have examined the new information furnished by appellant in support of his claim as a conscientious objector and we are satisfied that the appellant presented to the Local Board a prima facie case for placement in the I-O classification, and that the Local Board erred in refusing to reopen. We find no basis in the record for the Government's contention that appellant waived his right to request a reopening of his classification.

Reversed.