**UNITED STATES of America,**
**Appellee,**

v.

**Richard Stevan BLOOM, Appellant.**

**No. 71-1536.**

United States Court of Appeals,
Ninth Circuit.

June 22, 1971.

Robert S. Regli, Ezra Hendon, of Franck, Hill, Larson & Regli, Berkeley, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., Ben S. Meeker, Chief U. S. Probation Officer, Chicago, Ill., for appellee.

Before CARTER, HUFSTEDLER and KILKENNY, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction, after a jury trial, for failure to submit to induction into the armed services in violation of 50 U.S.C. App. § 462(a)

BACKGROUND

On June 19, 1968, the local board mailed to appellant an order to report for induction on July 2, 1968. On the following day, June 20th, he appeared at the local board office and requested SS Form No. 150. He immediately completed the form and filed it, together with nine typed pages setting forth his answers to the questions. Later, he submitted affidavits showing that he, his father and an attorney consulted with each other on June 19th with reference to appellant's selective service status. As an outgrowth of this meeting, he says, that for the first time he realized he was eligible for conscientious objector status. He testified he completed his typewritten answers on the night of June 19th and turned them in to the local board with the form on the 20th. He says he did not know that the local board had mailed him the order to report for induction at the time he requested the form. The local board did not reopen.

ISSUES

(1) Was the local board without jurisdiction by reason of the fact that none of its members, although residents of Los Angeles County, resided in the

area over which the board exercised jurisdiction?

(2) Was appellant's Form 150 timely filed?

### CONCLUSIONS

 (1) The first issue is resolved against appellant by our decision in United States v. Reeb, 433 F.2d 381 (9th Cir. 1970). See also United States v. Lemke, 439 F.2d 762 (9th Cir. 1971); United States v. Wallace, 435 F.2d 12 (9th Cir. 1970); United States v. Berger, 434 F.2d 610 (9th Cir. 1970).

(2) The applicable regulation 32 C.F.R. § 1625.2, expressly provides that " * * * [t]he classification of a registrant shall not be reopened after the local board has *mailed to such registrant an Order to Report for Induction* * * *.", unless it finds a change in status from circumstances beyond the registrant's control. Appellant finds himself on the horns of a dilemma. If his conscientious objection to all military service matured prior to the mailing of the order to report for induction, he is faced with our decisions in Dugdale v. United States, 389 F.2d 482 (9th Cir. 1968); Parrott v. United States, 370 F.2d 388 (9th Cir. 1966), and numerous other ninth circuit decisions. On the other hand, if his conscientious objection matured between the mailing of the notice and the date of the scheduled induction, he is confronted with the decision of the United States Supreme Court in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (April 21, 1971). In neither case is the induction order subject to attack.

Moreover, we hold that the regulation means just what it says. The local board is not required to reopen after it has *mailed* to the registrant an order to report for induction unless it finds a change in status from circumstances beyond the registrant's control. Here, appellant concedes that the order was mailed before he filed his CO claim. Our conclusion is in conformity with our previous decision on a somewhat similar state of facts in Mizrahi v. United States, 409 F.2d 1219 (9th Cir. 1969). To the same effect is Keene v. United States, 266 F.2d 378 (10th Cir. 1959), cited with approval in Parrott v. United States, *supra.*

The judgment of conviction is affirmed.