**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard O. YOHA, Defendant-Appellant.
No. 26855.**

United States Court of Appeals,
Ninth Circuit.
July 7, 1971.

Paul C. Maier, (argued), of Herzstein, Maier, Friedman & Lippett, San Francisco, Cal., for appellant.

Jerry Cimmet, Asst. U. S. Atty. (argued), James L. Browning, U. S. Atty., Paul J. Fitzpatrick, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant stands convicted of failure to submit to induction into the armed forces in violation of 50 U.S.C.App. § 462.

■ Although he twice requested a form 150 for application for conscientious objector status, appellant never completed or returned the form. The question presented on appeal is whether, under the circumstances of this case, this failure to present his claim to the Selective Service Board precludes his challenging his classification. We hold that it does.

■ Appellant contends that the form 150 is misleading in that the repetitious use of the term "religion" wrongly yet reasonably led him to believe that his nonreligious conscientious scruples did not qualify for I-O classification and thus lulled him into foregoing the administrative procedures.

We find no merit in this contention. It was not misleading for the service to inquire whether the basis for belief was religious. The existence of such a basis in the traditional sense, while not required, is certainly relevant. Appellant's second request for a form (made after he was sent his induction order and thus ineffective under Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971)), casts doubt on his assertion that he was misled by the first form into believing that he was not qualified. *See generally* United States v. Lansing, 424 F.2d 225 (9th Cir.1970).

Appellant, relying on McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), argues that he was not required to present his claim to the local board. But *McKart* is no help where, as here, appellant is attempting to challenge a classification on the basis of facts not presented to the local board. *Id.*, at 198 n. 15, 89 S.Ct. 1657; *see* United States v. Enslow, 426 F.2d 544 (9th Cir.1970).

■ Appellant contends that it was abuse of discretion for the district judge to fail to sentence him under the Youth Corrections Act, 18 U.S.C. § 5085 et seq. Appellant relies on what he regards as evidence that the court was proceeding under a mistake of law or a misapprehension as to the proper guides for exercise of discretion. The judge had dismissed as of no significance the fact that under the Act the offense might be expunged. Appellant asserts that this was of greatest significance. It may well have been a matter of importance to appellant personally, but the statutory guide is whether the defendant will benefit from the treatment afforded by the Act. 18 U.S.C. § 4209. This issue the judge resolved adversely to appellant.

Affirmed.