UNITED STATES of America,
Appellee,

v.

Thomas Edward LARSON, Appellant.

No. 71–1358.

United States Court of Appeals,
Eighth Circuit.

Feb. 10, 1972.

Wyman Smith, Minneapolis, Minn., filed brief for appellant.

Robert G. Renner, U. S. Atty., and Peter J. Thompson, Asst. U. S. Atty., Minneapolis, Minn., filed brief for appellee.

Before MATTHES, Chief Judge, BRIGHT, Circuit Judge, and WEBSTER, District Judge.*

PER CURIAM.

Thomas Edward Larson, after a jury-waived trial, was convicted of failing to report and submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462. Judge Neville committed Larson to the custody of the Attorney General for two years, but suspended eighteen months of the sentence. After service of his sentence, Larson was to be placed on probation for two years. Larson brings this timely appeal. We affirm.

The sole question on this appeal relates to whether Larson presented a prima facie conscientious objector claim prior to receiving his induction notice. The record shows that Larson, on September 23, 1968, wrote to his local draft board claiming to be an ordained minister of the Universal Life Church, a claim never substantiated. He added: "[a]s a lay person I would probably write you as a conscientious objector.

* Sitting by designation.

As a minister I now owe my highest allegiance to God and military service would compromise and make unholy this alleigance [sic]."

The Board issued an induction order in January requiring Larson to report February 3, 1969. Thereafter, Larson, in response to correspondence from the Board, mailed the Board a partially completed SSS Form 150, claiming to be a conscientious objector. Larson was afforded a courtesy interview, but the local board refused to reopen his classification.

Larson claims that since he notified the Board of his conscientious objector claim prior to the issuance of the induction order, the Supreme Court decision in Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1969), mandates that he be given a full hearing before the local board and the right of appeal.

■ Larson misconstrues *Mulloy*. That case does not require a reopening unless the registrant presents new facts. The Court said:

> Where, however, in the opinion of the board, no new facts are presented or 'such facts, if true, would not justify a change in such registrant's classification. . . .,' 32 CFR § 1625.4, the board need not reopen, and following such a refusal to reopen, the registrant has no right to a personal appearance or to an appeal. [398 U.S. at 415, 90 S.Ct. at 1770].

Here, the naked claim of conscientious objection did not entitle Larson to a reopening and reconsideration of his classification. *See* Vaughn v. United States, 404 F.2d 586 (8th Cir. 1968), vacated on other grounds, 399 U.S. 526, 90 S.Ct. 2230, 26 L.Ed.2d 776 (1970).

■ Larson's prima facie case, if presented at all, followed, rather than preceded, the induction order. Accordingly, this case is controlled by Ehlert v. United States, 402 U.S. 99, 91 S.Ct.

1319, 28 L.Ed.2d 625 (1971), and United States v. Whalen, 451 F.2d 755 (8th Cir. 1971). In affirming this conviction, we delay execution of our mandate as we did in *Whalen.*

> The mandate shall issue forthwith but its execution shall be stayed for a period of thirty days to give the appellant the option, even at this late date, to voluntarily submit to induction, provided the district court consents thereto, and thereby provide an avenue by which he may present his claim of conscientious objection to war. *Ehlert* indicates that the appropriate procedure to obtain post-induction consideration of such a claim requires that the registrant do so in military channels. [at 757.]