**UNITED STATES of America,
Appellee,**

v.

**John Stevens LAWTON, Appellant.**

**No. 71-2509.**

United States Court of Appeals,
Ninth Circuit.

Feb. 17, 1972.

Certiorari Denied May 30, 1972.
See 92 S.Ct. 2071.

J. Thomas Hannan, of Lovitt & Hannan, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Chief, Criminal Division, Joseph E. Reeves, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MERRILL, ELY, and TRASK, Circuit Judges.

PER CURIAM:

Lawton, convicted for his refusal to submit to induction in violation of 50 U.S.C. App. § 462, appeals from the judgment of conviction. We affirm.

Lawton first contends that he was deprived of an opportunity adequately to prepare a defense based upon order of call due to the fact that the

prosecutor did not, until six days before the date set for trial, comply with a discovery order to produce delivery lists. This argument is without merit. The delivery lists were not available from Lawton's local Board because the Board's procedure was to destroy them after the year of use. It therefore took a longer time to secure the lists from the State Director's Office. As soon as the prosecutor obtained the lists, he furnished defense counsel with a copy. Moreover, the district judge granted a week's continuance in order to afford defense counsel adequate additional time for preparation. Under these facts, Lawton has shown no prejudice.

Lawton's second contention is that he was entitled to have his case reopened after he wrote his local Board, stating a desire to claim conscientious objector status and requesting the standard Form 150. The letter alone did not constitute such a prima facie claim as to require a reopening of his Selective Service file. Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); United States v. McKinley, 447 F.2d 962 (9th Cir. 1971).

Lawton did not complete and return the Form 150. Nor did he refer to his conscientious objector claim when he subsequently filed a Current Information Questionnaire in response to inquiries from his local Board. He now contends that he was misled by the form's repeated reference to religion such that he believed he did not qualify for conscientious objector status. In United States v. Yoha, 445 F.2d 816 (9th Cir. 1971), our court held that questions about religion are relevant to a conscientious objector claim, even though the test for granting such status does not necessarily require the registrant's entertainment of an orthodox religious belief. *See* United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). *See also* Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970).

Affirmed.