**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Jeffery SALEM, Defendant-Appellant.**

**No. 73–1184.**

United States Court of Appeals, Ninth Circuit.

May 31, 1973.

Ronald G. Borden, Menlo Park, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., Robert E. Carey, Jr., F. Steele Langford, Asst. U. S. Attys., Chief, Crim. Div., San Francisco, Cal., for plaintiff-appellee.

OPINION

Before DUNIWAY and WRIGHT, Circuit Judges, and RUSSELL E. SMITH, District Judge.*

DUNIWAY, Circuit Judge:

Salem was convicted of refusing to submit to induction into the Armed Forces, 50 U.S.C. App. § 462(a), and he appeals. He argues that because he had

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

made out a *prima facie* case for a conscientious objector classification the local board was required to reopen his classification, Mulloy v. United States, 1970, 398 U.S. 410, 90 S.Ct. 1766, 26 L. Ed.2d 362. We affirm.

On November 5, 1969, Salem was classified 1–A. On February 3, 1970, he presented to his board a letter [1] in which he requested a copy of Selective Service Form 150 for conscientious objectors. A copy of Form 150 was given to him. On the form was the notation that it was to be completed and returned within 30 days. On March 4, Salem requested additional time to complete and return the form, and was given ten more days. On March 16, the board, not having received the completed form from Salem, sent him an order to report for induction. On March 31, the board received the completed Form 150. On April 7, the board reviewed Salem's file, and decided not to reopen his classification. On September 23, 1970, Salem refused to submit to induction.

█ When a registrant, after his board has mailed an order to report for induction to him, submits a claim that he is a conscientious objector, the board is not required to reopen whether the claim states a *prima facie* case or not. If the claim shows that the registrant's views matured before he was ordered to report, it is barred by 32 C.F.R. 1625.3. If the claim shows that his views matured after the order to report was mailed, it is barred by the same regulation as interpreted in Ehlert v. United States, 1971, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 678. *See* United States v. Bloom, 9 Cir., 1971, 444 F.2d 1399. Salem is in just that situation.

Salem argues, however, that because his letter was received before he was ordered to report, his case is governed by Mizrahi v. United States, 9 Cir., 1969,

409 F.2d 1219. *Mizrahi*, however, is an exceptional case. There, Mizrahi's letter asking for Form 150 was mailed to the board on February 26, and received on February 28; the order to report for induction was mailed the same day. On March 2, the board sent him Form 150, telling him to return it by March 8, which he did. We held that Mizrahi's letter was to be treated as having been received before the order to report was sent to him, and that the completed Form 150 was to be treated as supplemental to the letter. We said:

"In these circumstances it must be deemed that appellant's written request stated his claim as a conscientious objector and was received by the local board before it mailed to appellant its Order to Report for Induction." *Id.* at 1224.

█ Our holding in *Mizrahi* amounts, in substance, to this: that once a board receives a request for Form 150, at least when the request states that the registrant is a conscientious objector, the registrant must be allowed time to file Form 150 before an order to report for induction is sent to him. If that is not done, the request will be treated as a claim, and the regulation, 32 C.F.R. 1625.3, will not bar it.

█ Salem's case is different. After his letter was received, the board not only waited the full 30 days specified on the Form 150, but also extended the time, at Salem's request, for another ten days. Only after that time expired did the board issue its order to report. The February 3 letter did not make out a *prima facie* case. United States v. Lawton, 9 Cir., 455 F.2d 328, cert. denied, 406 U.S. 960, 92 S.Ct. 2071, 32 L.Ed.2d 347 (1972); United States v. McKinley, 9 Cir., 1971, 447 F.2d 962; United States v. Lloyd, 9 Cir., 431 F.2d 160, cert. denied, 403 U.S. 911, 91 S.Ct. 2210,

---

1. The letter reads:
   "Dear Draft Board:
   On the basis of certain ideals and, more important, certain beliefs which I hold, I feel it is appropriate for me to request at this time, your form concerning classification 'Conscientious Objector.'
   Sincerely,
   /s/ J. Jeffery Salem".

29 L.Ed.2d 688 (1970). Assuming that the Form 150 did state a *prima facie* case, it came too late; the regulation applies.

Affirmed.