UNITED STATES of America, Appellee,

v.

Thomas Daniel STONE, Appellant.

No. 73-1390.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1973.

Decided Nov. 5, 1973.

20. Id. at 4158.

Joseph L. Mannikko, Minneapolis, Minn., for appellant.

John M. Lee, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and ROSS, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal by defendant Thomas Daniel Stone from his conviction upon an indictment charging him with failure to submit to induction in violation of Title 50, Appendix, U.S.C. § 462.

Defendant waived his right to a jury trial and was tried by the court and found guilty as charged, D.C., 357 F. Supp. 491 and thereafter, after the court considered the probation officer's report, was sentenced to one year's imprisonment with the provision that after serving twenty days the balance of the sentence be suspended and defendant be placed on probation for the remainder of the year, provided he do alternate type of employment approved by the probation officer.

The material facts are not in dispute. Defendant registered with his draft board on November 24, 1967. He applied for and received a student's deferment which continued until he received his college degree on July 16, 1971.

On June 10, 1971, he personally appeared before the board and requested and obtained form 150, the conscientious objector claim form. On June 17 he wrote the local Board requesting that the 30 day period for completing the form be extended, assigning as a reason: "I find this task a difficult one, in that in order to do a honest and capable job of filling this out, I believe more

days are necessary, to work on it." The board extended the time for filing form 150 to approximately the last week in July 1971.

On July 26, 1971, defendant was ordered to report for a physical examination; a statement of acceptability was sent to the local board on August 20, 1971. On August 25, 1971, the local board classified defendant 1-A and mailed him form 110 which advised him of his classification and his right to request a personal appearance before the local board or to effect an appeal. The defendant pursued neither avenue. On October 6, 1971, he was mailed an order to report for induction on November 8, 1971. On October 21, 1971, the defendant submitted a completed form 150 to his local board, together with supporting documents and materials. The board took no action on the C. O. claim. On November 8, 1971, the defendant appeared at the induction center as ordered, but refused to submit to induction.

Defendant appeared as a witness at the trial but offered no explanation for the belated filing of the claim, some three months after the extended time granted for filing and several weeks after receiving notice of induction.

As grounds for reversal, defendant urges:

I. Defendant's oral request for form 150 and his written request for an extension of time in which to submit the form constitute sufficient claim for C. O. status to require the local board to determine the merits of the claim.

II. Where defendant's conscientious objections became fixed prior to the mailing of notice of induction, doubt exists as to whether defendant will receive a full and fair in-service hearing on his conscientious objector's claim and this defendant may never receive a determination on the merits of his claim.

We affirm the conviction for the reasons hereinafter stated.

■ Defendant first contends that his oral request for a form 150 followed by his written request for an extension of time in which to complete and file the form constituted a sufficient prima facie claim for conscientious objector status so as to require the local board to determine the merits of his claim.

The Supreme Court in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971) clearly states that a draft board need not consider a claim of conscientious objection filed or asserted after a registrant has received an induction notice. The Eighth Circuit has interpreted this ruling to mean that a local board does not even have the authority to do so, absent an objective change in circumstances over which the registrant had no control. United States v. Whalen, 451 F.2d 755, 757 (8th Cir. 1971). See 32 C.F.R. § 1625.2. Thus, in the instant case, the board was required, or even authorized, to consider only claims presented by appellant before his notice to report for induction, sent on October 8, 1971; claims presented after that date could not be considered by the board. See United States v. Salem, 479 F.2d 340, 341 (9th Cir. 1973); United States v. Larson, 455 F.2d 187, 188 (8th Cir. 1972).

■ It is well established that when a local board is presented with evidence sufficient to establish a prima facie claim for conscientious objector status, it must reopen a classification and determine whether the registrant is entitled to the requested claim. However, that evidence must consist of nonfrivolous allegations of fact. Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); United States v. Larson, 455 F.2d 187, 188 (8th Cir. 1972); Davis v. United States, 410 F.2d 89, 93 (8th Cir. 1969). See C.F.R. § 1625.2. "[A registrant] is required to submit written evidence of objective facts in support of his claim of exemption." Vaughn v. United States, 404 F.2d 586, 590 (8th Cir. 1968). In the in-

stant case, before notice of induction defendant had only orally requested a form 150 and had submitted a written request for an extension of time "in order do a honest and capable job of filling [it] out." Surely this does not constitute evidence of "objective facts" to support his claim for conscientious objector status. *See id.;* United States v. Lawton, 455 F.2d 328, 329 (9th Cir.), cert. denied, 406 U.S. 960, 92 S.Ct. 2071, 32 L. Ed.2d 347 (1972); United States v. McKinley, 447 F.2d 962, 963–64 (9th Cir. 1971). A "naked claim of conscientious objection [does] not entitle [a registrant] to a reopening and reconsideration of his classification." United States v. Larson, 455 F.2d 187, 188 (8th Cir. 1972). *See* United States v. Stow, 474 F.2d 1132, 1135 (9th Cir. 1973); Vaughn v. United States, 404 F.2d 586, 590 (8th Cir. 1968).

Defendant claims that the local board should have been required to reopen his classification on the ground that his actions in June 1971 were sufficient to alert the local board that he was claiming conscientious objector status. However, the cases upon which he relies were based on pre-*Mulloy* holdings or on Local Board Memorandum No. 41, as amended July 30, 1968.[1] The latter was rescinded on August 27, 1970, and thus cannot be relied upon for the standard required of claimants for conscientious objector status. Post-1970 cases, including *Mulloy,* clearly require written presentation of objective facts sufficient to support a conscientious objector claim before a local board is required to reopen a classification and determine a claim on the merits. This must be done before receipt of an induction order. Ehlert v. United States, *supra.* Defendant's actions in the instant case before receiving his notice of induction were not sufficient to establish a prima facie claim of conscientious objection.

■ Defendant's second contention is that even if he failed to file a sufficient prima facie claim for conscientious objector status until subsequent to his notice of induction, he has the right to have his claim determined on the merits. He argues that significant doubt exists as to whether he would be able to receive a full and fair in-service hearing, and that his conviction must therefore be reversed, for had he submitted to induction, his claim may never have been determined on the merits, neither in the selective service system nor in the armed forces.

Ehlert v. United States, *supra,* held that a draft board need not consider a conscientious objector claim filed or asserted after a registrant has received an induction notice, upholding a selective service regulation to that effect. *See* 32 C.F.R. § 1625.2.[2] The opinion indicated that it was based on the regulation and on the assurance from the General Counsel of the Department of the Army that individuals whose conscientious objector views crystallized after notice but before induction would be given an in-service hearing on the merits of their claim. 402 U.S. at 107, 91 S.Ct. 1319. If such a hearing were not available, the regulation would not have been upheld. "That those whose views are late in crystallizing can be required to wait, however, does not mean they can be deprived of a full and fair opportunity to

---

1. Local Board Memorandum No. 41 read in relevant part as follows:

A registrant should be considered to have claimed conscientious objection to war if he has signed Series VIII of the Classification Questionnaire (SSS Form 100), if he has filed a Special Form for Conscientious Objector (SSS Form 150), or if he has filed any other written statement claiming that he is a conscientious objector.

2. 32 C.F.R. § 1625.2 (1971) provides, in pertinent part:

"[T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction . . . or an Order to Report for Civilian Work and Statement of Employer . . . unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

present the merits of their conscientious objector claims for consideration * * *. For if, contrary to that assurance, a situation should arise in which neither the local board nor the military had made available a full opportunity to present a prima facie conscientious objection claim for determination under established criteria, see Welsh v. United States, *supra* [398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970)], a wholly different case would be presented." *Id.* at 103, 107, 91 S.Ct. at 1323, 1325.

Some circuits have interpreted that language to mean that every conscientious objector applicant must have a meaningful opportunity for at least one full and fair administrative determination of his conscientious objector claim. *See* United States v. Alioto, 469 F.2d 722 (1st Cir. 1972); United States v. Ziskowski, 465 F.2d 480 (3d Cir. 1972); United States v. Shomock, 462 F.2d 338 (3d Cir. 1972); United States v. Musser, 478 F.2d 1068, 1069 (9th Cir. 1973) (dissenting opinion of J. Hufstedler); *see also* United States v. Takala, No. 47047, 5 SSLR 3773 (E.D.Mich. Sept. 11, 1972). *Compare* United States v. Waldron, 474 F.2d 90 (7th Cir. 1973). In the instant case, defendant argues the evidence is such that he would have been denied such a hearing if he had submitted to induction. The Selective Service refused to consider the merits of his claim under the *Ehlert* doctrine. Unlike the situation in *Ehlert,* however, there is also evidence the Army would have refused to hear his claim. The registrant in *Ehlert* was a "late crystallizer," one whose conscientious objection beliefs were first apparent after notice but before induction. The language quoted from *Ehlert* above refers specifically to this status. Defendant, on the other hand, is a "late claimant," one whose conscientious objection views crystallized before his notice of induction, but who failed to claim conscientious objection status until after he had received his notice. Defendant makes no claim that he is a "late crystallizer." One in appellant's situation may not receive a hearing on his claim in the Army, based on its interpretation of AR 635–20, the applicable regulation.[3] *Ehlert* abrogated the procedural "no man's land" for late crystallizers; defendant claims it still exists for late claimants. The key case is Grubb v. Birdsong, 452 F.2d 516 (6th Cir. 1971). In that case the Sixth Circuit held that AR 635–20 expressly affords a remedy only to those individuals whose conscientious objection became fixed after notice of induction. "It is thus undisputed that the Army can properly refuse to hear applications under AR 635–20 when it finds that the applicant's conscientious objec-

3. AR 635–20 reads in pertinent part as follows:
a. Consideration will be given to requests for separation based on bona fide conscientious objection to participation in war, in any form, when such objection develops subsequent to entry into the military service.
b. Federal courts have held that a claim to exemption from military service under Selective Service laws must be interposed prior to notice of induction, and failure to make timely claim for exemption constitutes waiver of the right to claim. However, claims based upon conscientious objection growing out of experiences prior to entering military service, but which did not become fixed until entry into the service, will be considered.
Requests for discharge after entering military service will not be favorably considered when—

(1) Based on conscientious objection which existed but which was not claimed prior to notice of induction, enlistment or appointment.
Its predecessor regulation, AR 635–20(3) (July 31, 1970) differed as follows:
Requests for discharge after entering military service will not be favorably considered when—
(1) Based solely on conscientious objection which existed, but which was not claimed prior to induction, enlistment, or entry on active duty or active duty for training.
The difference in language causes no different result. The change only codifies the holding of *Ehlert* as to late crystallizers; late claimants would be treated the same under either the former or the present regulation.

tion existed prior to his receipt of an induction notice." *Id.* at 519. Under such a holding, defendant claims it is at least doubtful that he would receive an opportunity to present his claim in the service, even though "the fact remains, however, that somewhere, sometime, [a registrant] is entitled to have a full and fair hearing on the merits of his conscientious objector claim." United States v. Shomock, 462 F.2d 338, 344 (3d Cir. 1972), citing *Ehlert,* 402 U.S. at 103–04, 91 S.Ct. 1319. Thus, he argues, his conviction must be reversed.

However, defendant misses one central point. Even if we were to accept the interpretations of *Ehlert* by the First and Third Circuits that every conscientious objector claimant must have the opportunity to have their claim determined on the merits, defendant has already been given such an opportunity. Stone requested and was given form 150, in order that he might properly claim conscientious objector status; he later was given an extension of time in which to complete and return the form. He did not return the form until over four months after he had received it, and three months after the extended deadline. Had he returned the completed form and supporting materials within the deadline, presenting a prima facie claim as he eventually did on October 21, 1971, he undoubtedly would have received a full and fair determination of the merits of his claim by the local board. Neither did the defendant request a personal appearance before his local board nor effect an appeal of his 1–A classification, other procedural remedies which were open to him and of which he was so advised. As Judge Neville succinctly stated, "Defendant is a college graduate and a man of intelli-

gence. His lack of attention to matters cannot be blamed upon his inability to understand the procedure or failure to read or comprehend the applicable rules or regulations."

The Selective Service may require registrants to abide by reasonable rules for the orderly administration of the Selective Service System, including those requiring timeliness. As the Supreme Court in *Ehlert* expressly noted, "The System needs and has the power to make reasonable timeliness rules for the presentation of claims to exemption from service." 402 U.S. at 102, 91 S.Ct. at 1322. "The power of the Selective Service System to set reasonable time limits for presentation of claims, *with the penalty of forfeiture for noncompliance,* seems never to have been questioned by any court." *Id.* at 102 n. 4, 91 S.Ct. at 1322. (emphasis added). Thus, defendant's failure to timely assert his claim may be considered a forfeiture thereof. *See* Grubb v. Birdsong, 452 F.2d 516, 519 & n. 1 (6th Cir. 1971). For a case with virtually identical facts, see United States v. Salem, 479 F.2d 340 (9th Cir. 1973). The Ninth Circuit there upheld a similar conviction.

This is not a situation where "neither the local board nor the military had made available a full opportunity to present a prima facie conscientious objection claim . . . ." *See Ehlert,* 402 U.S. at 107, 91 S.Ct. at 1325. Rather, defendant failed to take timely advantage of the remedy available to him. One is not denied due process when he is presented with a full opportunity to pursue an administrative or other legal remedy and through negligence does not take advantage of that opportunity.

The judgment is affirmed.