**UNITED STATES of America,
Plaintiff,**

v.

**Robert Edward LOPEZ, Defendant.**

**No. CR–70–264.**

United States District Court,
N. D. California.

Feb. 10, 1971.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff.

Richard J. Werthimer, San Francisco, Cal., for defendant.

CONTI, District Judge.

Defendant was indicted for refusing to submit to induction into the Armed Forces in violation of 50 App.U.S.C. § 462.

On *March 3, 1970, the defendant's induction notice was issued* ordering him to report on March 17, 1970. The local board had received the call order on February 12, 1970.

1. The defendant contends that on March 11, 1970, after he had received his induction notice, but before his scheduled induction, he wrote to his local

board requesting a Form 150, the special form for conscientious objectors. The only evidence of such letter is contained in the defendant's testimony.

However, in defendant's Selective Service file is a report of a phone call made by defendant to his local board on March 13, 1970. (Exhibit 1A, p. 56) The subject matter of the conversation was the Form 150, but it is in issue whether this report shows that a request was made for such form. No Form 150 was ever sent to the defendant.

Defendant urges that the local board's failure to send him the Form 150, after his request for such form, constituted a denial of due process of law.

2. Defendant further contends that the local board is required to send inductees their notices of induction within five days of the call order, pursuant to Memorandum 219 from the State Director of Selective Service (amended November 3, 1961). Since the defendant's induction notice was not sent until 19 days after the call order, acquittal is urged.

#### OPINION

Memorandum 219 was rescinded by letter from the State Director of Selective Service dated July 14, 1969. (Copy appended.) Therefore, it is unnecessary to decide whether or not the board's failure to follow mandatory directives from the State Director can constitute grounds for acquittal in a Selective Service case.

It remains then to decide whether the defendant was denied due process of law by the local board's failure to send him the special Form 150 when a request was made for such form after the induction notice was issued.

At the outset it should be noted that the evidence was sufficient to show that an oral request for the Form 150 was, in fact, made. Although the Selective Service Report of the local Board's conversation with the defendant regarding the Form 150 does not state that a request was made, such request can be im-

plied from the contents of the report. Further, the existence of an oral request for the form was corroborated by the defendant's own testimony.

■ In addition, this court finds that an oral request for the Form 150 is sufficient to impose the mandatory duty on the local board to furnish such form. 32 C.F.R. 1621.11; Boswell v. United States, 9 Cir., 390 F.2d 181.

■ The failure of the local board to comply with the regulations is not in itself basis for acquittal. The defendant must further show that such irregularity has resulted in substantial prejudice to him. Oshatz v. United States, 9 Cir., 404 F.2d 9 (1968).

It is the opinion of this court that no such prejudice has been shown.

32 C.F.R. 1625.2 provides:

"The local board may reopen and consider anew the classification of a registrant * * *; provided, in either event, the classification of a registrant *shall* not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form #252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form #153), *unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control.*"

■ Accordingly, the local board may reopen the classification of a registrant, after the induction notice has been issued, *only* if the board first finds that "there has been a change in the registrant's status resulting from circumstances over which the registrant has no control". If the local board finds that there has not been such a change in status it "shall not" reopen the classification, i. e. the board is given no discretion in the matter.

■ The question then is whether a change in a registrant's views on consci-

entious objection after the induction notice has been issued, is a change over which the registrant has no control.

This question has been answered by the Ninth Circuit in Ehlert v. United States, 422 F.2d 332 (1970). The court in *Ehlert* stated that "presumptively, every human is a rational being, having a free will and in complete charge of his own thinking". This being so, the court concluded that "a crystallization of, or a change in, a registrant's views on conscientious objection is not a change in his status resulting from circumstances over which he has no control, within the meaning of 32 C.F.R. 1625.2".

As recognized in *Ehlert*, the circuits have disagreed on this question. But *Ehlert* represents the law in this circuit.

■ Since the Ninth Circuit has held that a claim of conscientious objection is not a change of status resulting from circumstances over which the registrant has no control, failure of the local board to send the defendant the Form 150 resulted in no prejudice to the defendant. In light of *Ehlert*, the board has no discretion to reopen the classification of a registrant who asserts conscientious objector status after the induction notice has been issued. Therefore, the filing of the Form 150 after notice of induction would seem to be an idle act.

The defendant, therefore, is found to be guilty of the crime charged.

APPENDIX

CALIFORNIA HEADQUARTERS
SELECTIVE SERVICE
SYSTEM

FEDERAL BUILDING, 801 I STREET
SACRAMENTO, CALIFORNIA 95814

July 14, 1969

TO ALL LOCAL BOARDS

SUBJECT: RESCISSION OF MEMO-
RANDUMS

Memorandum No. 219 dated November 3, 1961, Subject, Induction Call Proce-

dures, and Memorandum No. 218 dated November 3, 1961, Subject, Physical Examination Requisition Procedures, are hereby rescinded as they have served their purpose and will be removed from the book of current memorandums.

Memorandum No. 219 is indexed as an Operation Memorandum (Q. & C.). Memorandum No. 218 is indexed as an Operation Memorandum (P.E.). This memorandum may be destroyed after its contents have been complied with.

CARLOS C. OGDEN
State Director