**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Edward LOPEZ, Defendant-**
**Appellant.**

**No. 71-1276.**

United States Court of Appeals,
Ninth Circuit.

May 10, 1971.

Richard Wertheimer, San Francisco, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Chief, Crim. Div., Jerry K. Cimmet, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLIN and WRIGHT, Circuit Judges, and ALFRED T. GOODWIN, District Judge.*

HAMLIN, Circuit Judge:

Robert Edward Lopez, appellant, was charged in an indictment filed in the United States District Court for the Northern District of California, with violation of 50 U.S.C. App. § 462. Having waived a jury, he was tried to the court

* Honorable Alfred T. Goodwin, United States District Judge, District of Oregon, sitting by designation.

and was found guilty, 322 F.Supp. 852. This timely appeal followed.

On March 3, 1970, the local board issued appellant's induction notice ordering him to report for induction on March 17, 1970. The district judge found that on March 13, 1970, appellant telephoned the local board and orally requested Form 150 (conscientious objector).[1] No such form was ever sent to appellant. On March 17, 1970, appellant refused induction.

The district court found that there was a mandatory duty on the local board to furnish appellant with Form 150.

■ If appellant's claim of being a conscientious objector was because of his beliefs prior to receiving the notice of induction, his late filing of a previously matured conscientious objector belief does not permit the opening of a prior classification. United States v. Uhl, 436 F.2d 773 (9th Cir. 1970) and cases therein cited. See also Nix v. United States, 437 F.2d 746 (9th Cir. 1971).

■ On the other hand, if appellant's conscientious objector beliefs matured after the notice of induction was issued, the local board would be governed by 32 C.F.R. 1625.2 which reads:

> The local board may reopen and consider anew the classification of a registrant * * *; provided, in either event, the classification of a registrant *shall* not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form #252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form #153), unless the local board first *specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control.*

In Ehlert v. United States, 422 F.2d 332 at 335, this court in banc said:

> "We conclude that a crystallization of, or a change in, a registrant's views on conscientious objection is not a change in his status resulting from circumstances over which he has no control, within the meaning of 32 C. F.R. § 1625.2."

On April 21, 1971, the United States Supreme Court affirmed Ehlert v. United States, *supra*,[2] stating, "We hold that the Court of Appeals did not misconstrue the Selective Service regulation in holding that it barred presentation to the local board of a claim that allegedly arose between mailing of a notice of induction and the scheduled induction date."

Under the facts of this case, the board was not required to provide a Form 150. *Ehlert, supra; Uhl, supra.*

Judgment affirmed.

---

1. The local board records disclosed that appellant had telephoned the board on that day but did not disclose a request for a Form 150. Appellant, however, testified that he made such a request.

2. Ehlert v. United States, 402 U.S. 99, 107, 91 S.Ct. 1319, 1325, 28 L.Ed.2d 625 (1971).