## UNITED STATES of America, Appellee,

v.

## Ronald Dale TAGGART, Appellant.

### No. 26887.

United States Court of Appeals, Ninth Circuit.

April 27, 1971.

Rehearing Denied June 2, 1971.

\* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. See N. L. R. B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

**728**

J. B. Tietz, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Kent Steele, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before KOELSCH, ELY and TRASK, Circuit Judges.

PER CURIAM:

Ronald Dale Taggart appeals from the judgment convicting him of refusing to submit to induction in the armed forces of the United States (50 U.S.C. App. 462).

Appellant's Selective Service file reveals that this is another case of a Selective Service registrant tardily claiming to be a conscientious objector. In fact, the file affirmatively shows that appellant's beliefs pre-existed by several years the Local Board's order to report for induction.

Appellant recognizes that the pertinent Regulation, 32 C.F.R. 1625.2, which this court has applied in numerous cases [e. g. United States v. Uhl, 436 F.2d 773 (9th Cir. 1970)] provided the warrant for the Board's refusal to reopen his 1-A classification. His principal contention is that the Regulation violates Congressional policy declared in 50 U.S.C. App. 456(j) and hence that it is void. However, this court has only recently considered such a contention and sustained the Regulation.[1] United States v. Lowell, 437 F.2d 906 (9th Cir. Jan. 20, 1971). We affirm that decision.

Judgment affirmed.

---

1. It follows that appellant's point that the Local Board's refusal to reopen constituted a denial of due process lacks merit. United States v. Uhl (*supra*).