## LOPEZ *v.* UNITED STATES

No. A–132. Decided August 23, 1971

See: 322 F. Supp. 852.

MR. JUSTICE DOUGLAS, Circuit Justice.

Applicant Lopez was indicted and convicted for refusing to submit to induction. He claimed at trial that he was entitled to a hearing before his local board on his conscientious objector claim which had matured after receipt of the induction notice. At the time applicant received his order to report for induction, however, the law in the Ninth Circuit did not allow the filing of an application for exemption as a conscientious objector after an induction notice had been issued.[1] We noted in *Ehlert* v. *United States,* 402 U. S. 99 (1971), decided after applicant's conviction, that the Army agreed a draftee could have a hearing on such a claim after induction; and we held that such a hearing, though post-induction, satisfied the requirements of the Military

---

[1] *Ehlert* v. *United States,* 422 F. 2d 332 (CA9 1970), aff'd, 402 U. S. 99 (1971), which set forth the Ninth Circuit rule, was decided Feb. 2, 1970. Applicant received his notice of induction Mar. 3, 1970, and failed to submit Mar. 17, 1970.

Selective Service Act of 1967. Relying on this opinion, the Court of Appeals affirmed Lopez' conviction.

Applicant claims, however, that Army regulations in force at the time of his induction date did not permit him the post-induction hearing to which we held Ehlert was entitled,[2] and he now seeks a modification of his sentence which will enable him to submit to induction and to obtain thereafter the Army's ruling on his conscientious objector claim. The appeal now waiting argument in the Court of Appeals concerns the propriety of such a procedure. The question seems to me a substantial one, and applicant has proved himself to be bailworthy, as he has twice before been ordered released on his personal recognizance in connection with this litigation. Pending disposition of the appeal, applicant Lopez should be released on his personal recognizance in the form and manner provided at an earlier stage of this litigation.

*It is so ordered.*

---

[2] From Nov. 9, 1962, until Aug. 15, 1970, Army Regulation AR 635–20, ¶ 3 (b), provided that requests for discharge after entering military service would not be favorably considered when based "solely on conscientious objection which existed, but which was not claimed *prior to induction,* enlistment, or entry on active duty or active duty for training." (Emphasis supplied.)