**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert E. LOPEZ, Defendant-Appellant.**

**No. 71-2059.**

United States Court of Appeals, Ninth Circuit.

Nov. 30, 1971.

Rehearing Denied Jan. 11, 1972.

Robert J. Jaffe (argued), Richard J. Werthimer, San Francisco, Cal., for defendant-appellant.

Fred Filton, Asst. U. S. Atty. (argued), James L. Browning, U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLEY and KILKENNY, Circuit Judges, and GOODWIN, District Judge.*

ALFRED T. GOODWIN, District Judge:

Robert E. Lopez was convicted of willful refusal to submit to induction. After this court affirmed the conviction, on May 10, 1971, United States v. Lopez, 442 F.2d 1311 (9th Cir. 1971), Lopez moved the district court, pursuant to Fed.R.Crim.P. 35, to modify his sentence so that he might be permitted to submit to induction in order to make an in-service claim for conscientious-objector status. The district court denied the motion, and this appeal followed.[1]

Appellant received his notice of induction on March 3, 1970. He then for the first time requested a Form 150, so that he could file for classification as a conscientious objector. The board denied appellant's request. He refused to submit to induction, was convicted, and his conviction was affirmed by this court on the basis of Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

In Ehlert, the Supreme Court held that local boards under a Selective Service Regulation (32 C.F.R. § 1625.2 (1971)), could refuse to consider a conscientious-objector claim made subsequent to the issuance of an induction notice. The Court based its holding in part on the Army's assurance that conscientious-objector beliefs, which had matured after a registrant's receipt of an induction notice, would be considered by the Army after induction. 402 U.S. at 107 n. 11, 91 S.Ct. 1319. Indeed, the Court suggested that if the Army had not made such assurances, and if registrants whose conscientious-objector beliefs had crystallized after receipt of their induction notices were thereby denied an in-service forum for their claims, such registrants would be deprived of their statutory rights under 50 U.S.C. App. § 456(j) (1964 ed., Supp. V); Ehlert v. United States, 402 U.S. at 107, 91 S.Ct. at 1322.

The cited statute reads in relevant part:

"Nothing contained in this title * * * shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form * * *."

The Supreme Court had not decided Ehlert when appellant refused induction. Appellant claims, therefore, that at the time set for his induction he believed that he had no forum in which to raise his conscientious-objector claim. Only after Ehlert did it become clear that such claim could indeed by pursued within the service. Prior to Ehlert, however, appellant's fears may well have been justified.

At the time set for appellant's induction, Army Regulation AR 635–20, ¶ 3(b) read:

"* * * Requests for discharge after entering military service will not be favorably considered when——

---

* The Honorable Alfred T. Goodwin, District Judge for the District of Oregon, sitting by designation.

1. Lopez was released on his recognizance pending appeal, by order of the Circuit Justice dated August 23, 1971. See 404 U.S. 1213, 92 S.Ct. 2, 30 L.Ed.2d 17 (Douglas, Circuit Justice, 1971).

"(1) Based solely on conscientious objection which existed, but which was not claimed *prior to induction,* enlistment, or entry on active duty or active duty for training." (Emphasis supplied.)

This regulation was amended, effective August 15, 1970, to read:

" * * * Requests for discharge after entering military service will not be favorably considered when——

"(1) Based on conscientious objection which existed, but which was not claimed prior to *notice of induction,* enlistment or appointment." (Emphasis supplied.)

Thus, when appellant was ordered to report for induction, and when he refused induction, the relevant Army regulation then in effect would have given the Army a basis for denying him in-service relief.

The new regulations, when coupled with the Army's assurances in *Ehlert,* however, suggest that the Army's present policy is to consider on their merits conscientious-objector claims which arise after a registrant receives his notice of induction.

The appellant frames the issue on appeal in terms of an abuse of discretion when the district court denied appellant's Rule 35 motion. By thus refusing Lopez an opportunity to submit to induction in order to make an in-service conscientious-objector claim, the court is said to have denied him a substantial right created by the *Ehlert* case.

■■ While this court does not order a district court to modify a sentence which is within the statutory limit, Bryson v. United States, 265 F.2d 9 (9th Cir.), cert. denied, 360 U.S. 919, 79 S.Ct. 1437, 3 L.Ed.2d 1535 (1959), it would be in the interests of justice for the district court to hold a hearing in order to determine whether this appellant, at the time set for his induction in 1970, refused induction solely because he believed in good faith that he would not be afforded an in-service forum in which to make his conscientious-objector claim.

See United States v. Hedges, 441 F.2d 726, 727 n. 1 (8th Cir. 1971).

If, as a result of a hearing, the district court determines that Lopez did not rely upon the pre-*Ehlert* regulations in refusing induction, the court should treat the Rule 35 motion accordingly. A criminal defendant has no right to gamble on the outcome of a trial and an appeal and then demand Rule 35 relief if he loses.

The district court should also determine whether, as a matter of fact, the armed forces will accept for induction a selective-service registrant who holds an announced purpose not to serve. If the armed forces will not accept such an enlistment, the relief sought below would be an idle gesture. The district court may see fit, however, to modify its sentence as the equities may then appear.

Remanded, with instructions that the order of June 11, 1971, denying appellant's motion for modification be reconsidered.