**UNITED STATES of America,
Appellee,**

v.

**David Kent STOCK, Appellant.**

**No. 71-2881.**

United States Court of Appeals,
Ninth Circuit.

April 6, 1972.

Francis Heisler, Charles A. Stewart, Richard M. Silver, William B. Daniels, of Heisler & Stewart, Carmel, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Chester G. Moore, III, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and TRASK, Circuit Judges.

HAMLEY, Circuit Judge:

David Kent Stock appeals from his conviction for refusal to submit to induction in violation of 50 U.S.C.App. § 462(a).

Stock's local board last classified Stock I–A on December 1, 1969, and he took no administrative appeal therefrom. On May 26, 1970, the local board ordered him to report for induction on June 24, 1970. Eight days prior to his reporting date, Stock requested and received an SSS Form 150 (conscientious objector). The local board received the completed form on June 22, 1970. The form, as completed, offered no explanation as to why Stock had not filed his conscientious objector application on an earlier date. On the day it received the application the local board notified Stock that his induction had been postponed until further notice.

On July 7, 1970, the local board notified Stock that the board had, pursuant to 32 C.F.R. § 1625.2, determined that there was no change in Stock's status resulting from circumstances over which he had no control and that, accordingly, his classification was not reopened. On July 15, 1970, Stock's attorney sent a four-page letter to the State and National Directors of the Selective Service Sys-

tem, and others, requesting them to direct the local board to reopen Stock's classification pursuant to 32 C.F.R. § 1625.3. No copy of this letter was sent to the local board at that time.

On July 17, 1970, presumably being unaware of Stock's letters to the State and National Directors, the local board ordered Stock to report for induction on August 12, 1970. On July 20, 1970, Stock's attorney wrote to the local board, advising that letters had been sent to the State and National Directors, but again, no copies of those letters were sent to the local board. In his letter of July 20, 1970, Stock's attorney asked the local board to postpone Stock's induction until the State and National Directors could act. On July 21, 1970, the executive secretary of the local board replied that no postponement would be necessary because the local board would have a regularly scheduled meeting well over a week in advance of Stock's August 12, 1970, induction date. On July 22, 1970, and at the local board's request, counsel for Stock sent the board a copy of the letter of July 15, 1970.

On August 6, 1970, the office of the State Director wrote to Stock's attorney advising that the registrant's file had "been reviewed to consider the advisability of a reopening." After reviewing the case at some length in his letter, the director closed with the advice that, in the opinion of the state headquarters,

"the registrant has been afforded all procedural rights, the local board has reviewed his claim in accordance with appropriate regulations and there has been no denial of due process. This headquarters therefore finds no basis for intervention."

Subsequently, the office of the National Director conducted a similar review and reached similar conclusions.

Stock did not submit to induction on August 12, 1970, and this prosecution followed.

On this appeal, Stock's central contention revolves around the fact that the lo-cal board did not receive his conscientious objector application until after the induction order had been issued, thereby giving application to the following proviso of 32 C.F.R. § 1625.2:

". . . provided, . . ., the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction . . . unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

Stock argues that the trial court erred in failing to hold that the local board should have specifically found that, after the issuance of the induction order there had been a change in Stock's status, resulting from circumstances over which Stock had no control, entitling him to a conscientious objector exemption.

Stock claims that he failed to apply for conscientious objector status prior to issuance of the induction order because he believed the Church of Christ, Scientist, of which he was a member, did not look with favor upon members seeking exemption from military service as conscientious objectors. Stock asserts that some time after issuance of the induction order he became aware that in *The Christian Science Journal* for August, 1969 the Board of Directors of The Mother Church, The First Church of Christ, Scientist, in Boston, Massachusetts, announced that the Church recognized the right of each church member or adherent to seek conscientious objector status according to the dictates of his own conscience, as guided through prayer and the study of the *Bible* and the writings of Mary Baker Eddy.

The essence of Stock's claim is that, as a devout Christian Scientist, he could not run counter to the policies of his church and that only after the Board of Directors of the Church had stated what Stock claims was a "change of position" could he apply for conscientious objector

status. Therefore, Stock asserts, the conscientious objector application was filed subsequent to the induction order because of circumstances beyond his control.

■ We are not convinced that any "change of position" by Stock's church could constitute a change in Stock's individual status resulting from circumstances over which he had no control. In determining whether an individual is a conscientious objector, "[t]he task is to decide whether the beliefs professed by a registrant are sincerely held and whether they are, *in his own scheme of things*, religious." Welsh v. United States, 398 U.S. 333, 339, 90 S.Ct. 1792, 1796, 26 L.Ed.2d 308 (1970) (emphasis in original), *quoting from* United States v. Seeger, 380 U.S. 163, 185, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). *Welsh* and *Seeger* stress that conscientious objector status under the Selective Service statutes is not dependent upon membership in a particular religion or organized church. We think these cases teach that conscientious objector status is personal to the registrant and cannot be made to depend upon approval by the registrant's church. Stock's election to withhold his conscientious objector application until assured of church approval was not a circumstance beyond his control.[1]

In view of this conclusion, most of Stock's other arguments require little discussion. Stock argues that his local board violated a Selective Service regulation, 32 C.F.R. § 1622.1(c), when the board failed to "receive and consider" all

information presented by Stock which was pertinent to his classification.

32 C.F.R. § 1622.1(c) provides that the local board "will receive and consider all information pertinent to the classification of a registrant presented to it." In the present case, the "information" to which Stock refers is apparently his SSS Form 150 and his attorney's letter of July 15, 1970 to the State and National Directors of the Selective Service System.

The record shows that the local board did "receive" this information, although it received the letter only after requesting it from the attorney. The assertion that the board failed to "consider" the information is apparently based only on the facts that the board refused to reopen Stock's classification on the basis of the Form 150, and took no further action after the letter was presented to it.

■ As to the Form 150, it was filed after issuance of Stock's induction order. If Stock was already a conscientious objector when the induction order issued, the form was filed too late.[2] United States v. Taggart, 441 F.2d 727 (9th Cir. 1971); United States v. Uhl, 436 F.2d 773, 774 (9th Cir. 1970). If Stock became a conscientious objector after issuance of the induction order, his change of status resulted, as indicated above, from circumstances over which he had control and, under 32 C.F.R. § 1625.2 the local board was precluded from reopening the classification. *See* Ehlert v. United States, 402 U.S. 99, 91

---

1. It may be added that there is nothing in this record to indicate that the Christian Science Church did change its position with regard to conscientious objectors. The only "change of position" shown on this record is that whereas prior to August, 1969 the Church may not have publicly announced a position in the matter, an explicit position was taken in the August, 1969 *Christian Science Journal.* Moreover, while the Church publicly announced in August, 1969, in its official *Journal* available to all members and ad-

herents, the freedom of its members and adherents to apply for conscientious objector status, Stock did not proceed promptly upon the basis of that announcement. His induction order was not issued until May, 1970 and his application for classification as a conscientious objector was not filed until June, 1970, ten months after the announcement in *The Christian Science Journal.*

2. At the trial, Stock testified that he was a conscientious objector prior to issuance of the induction order.

S.Ct. 1319, 28 L.Ed.2d 625 (1971).[3] The local board, on this record, plainly considered the Form 150 in deciding not to reopen the classification.

As to the attorney's letter of July 15, 1970, which was not addressed to the local board and which the board had to request to obtain, we find no indication that it was not "considered." The fact that the board requested a copy indicates just the opposite. And there was no reason for the board to act upon the letter. The information contained in the letter was that which we have discussed above in considering Stock's claim that his church had undergone a "change of position." In light of our conclusion that Stock has failed to show a change in status resulting from circumstances over which he had no control, the local board was also precluded under 32 C.F.R. § 1625.2 from reopening Stock's classification on the basis of the attorney's letter, and the failure to reopen on that basis does not demonstrate a refusal to "consider" the letter. We conclude that the board did not violate 32 C.F.R. § 1622.1(c) in this case.

Stock argues that the trial court erred in not finding that the State and National Directors of the Selective Service System both violated 32 C.F.R. § 1625.3 when they failed to instruct the local board to reopen Stock's classification.

However, under 32 C.F.R. § 1625.3, quoted in the margin,[4] the State and National Directors have broad discretionary powers in such matters. *See*

United States v. Pace, 454 F.2d 351 (9th Cir. 1972). The facts set forth above show that the Directors did review the matter and decided not to instruct the local board to reopen the classification. We find no abuse of discretion, and it follows that the trial court committed no error in this respect.

Stock also contends that the trial court erred in applying Ehlert v. United States, *supra,* in the context of the present case. Our conclusions above govern this contention. *Ehlert* was correctly applied by the trial court.[5]

Stock's final argument on appeal is that the trial court erred when it denied probation to him solely on the ground that "it is not the court's policy to give probation."

While the trial court made the quoted statement, we do not construe the observation as announcing an inflexible policy, never departed from in such cases. The trial court referred the matter to the probation department for a pre-sentence report, and directed that the report contain a letter Stock's father had written. There is no indication that the pre-sentence report was not considered by the court prior to the imposition of sentence. While probation was denied, we are not convinced on the facts in this case that it was denied for some arbitrary reason wholly unrelated to the statutory standard to be applied. *See* Whitfield v. United States, 401 F.2d 480, 482 (9th Cir. 1968).

Affirmed.

---

3. *Ehlert* was not decided until after Stock refused induction. Despite his conviction Stock may nevertheless have an avenue of relief, as outlined in United States v. Lopez, 451 F.2d 1311 (9th Cir. 1971).

4. 32 C.F.R. § 1625.3(a) provides:
"The local board shall reopen and consider anew the classification of a registrant upon the written request of the State Director of Selective Service or the Director of Selective Service and upon receipt of such request shall immediately cancel any Order to Report for Induction. . . ."

5. *But see* note 2, *supra.*