**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas Daniel STONE, Defendant.**

**No. 4–72 Cr. 156.**

United States District Court,
D. Minnesota,
Fourth Division.

April 3, 1973.

Robert G. Renner, U. S. Atty., by John M. Lee, Asst. U. S. Atty., for plaintiff.

Joseph L. Mannikko, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Defendant who is charged with wilful and knowing failure to submit to induc-

tion in violation of 50 U.S.C. App. § 462, first registered with his local draft board on November 24, 1967. After receiving student deferments for several years, he appeared personally at his draft board on June 10, 1971 and requested a form 150, the conscientious objector form. On June 17th he wrote his local board, acknowledging the requirement that the completed form 150 be returned within 30 days but requested an extension of time because he was then enrolled in summer school at Bemidji, Minnesota and was scheduled to receive his degree on July 16, 1971. Responsive to the defendant's request, the local board replied "This is agreeable with the board and we will mark your file for the form to be returned approximately the last week in July 1971." Despite this extension, the defendant did not return the form 150. Accordingly, on July 26, 1971 he was ordered to report for a physical examination. The medical authorities sent the local board a statement of acceptability on August 20, 1971; copy of which the board forwarded to the defendant. Nothing further happened until August 25, 1971 when the local board classified defendant I–A and mailed his form 110 which advised him of his classification and set forth his right to request a personal appearance before the board or to effect an appeal within 30 days. Defendant neither requested a personal appearance nor did he perfect an appeal within that time. Accordingly, on October 6, 1971 he was mailed an order to report for induction on November 8, 1971. The defendant finally returned his form 150, together with the supporting documents and materials, on October 21, 1971—approximately three months after his extended time to furnish it. The local board took no action. On November 8, 1971 defendant appeared at the induction center but wilfully and knowingly refused to submit. This prosecution followed.

Defendant's sole defense is that after he had orally requested a form 150 and in writing requested an extension of time in which to complete and file the same, the board was on notice of his intention to claim conscientious objector status and should have given him a hearing; that failure so to do is a failure of the board to follow its own rules and regulations and therefore is a denial of due process. Defendant cites a number of cases including United States v. Stout, 415 F.2d 1190 (4th Cir. 1969), and Quaid v. United States, 386 F.2d 25 (10th Cir. 1967). The government counters that until defendant has made a prima facie showing on the basis of which a board could possibly find conscientious objection, the local board is not bound to take any action; that it permitted an extension of time to file a claim so that it could have before it a statement as to why the defendant claimed to be a conscientious objector and that it had no reason to call a hearing or grant a personal appearance until it had something concrete before it.

■■ It is clear from the Supreme Court's decision in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L. Ed.2d 625 (1971), that a draft board need not consider a conscientious objection claim filed or asserted after a registrant has received an induction notice, and indeed has no authority to do so absent an objective change in circumstances over which the registrant has no control.[1] The Eighth Circuit succinctly summarized the *Ehlert* holding in Unit-

---

1. Defendant asserts that the holding in *Ehlert* was based on the assumption that a post induction notice conscientious objector claim could be heard in the military and that the then applicable Army regulations barred such a claim in this case. While AR 635–20, the then ap-

plicable regulation, admittedly is ambiguous, the interpretation of that regulation provided that such a conscientious objector claim would be heard. See *Ehlert v. United States, supra* and United States v. Lopez, 404 U.S. 1213, 92 S.Ct. 2, 30 L.Ed.2d 17 (1971).

ed States v. Whalen, 451 F.2d 755 (8th Cir. 1971), by stating at 757:

> "Our interpretation of *Ehlert* is that the local board was without authority to reopen the classification of Whalen to determine his claim for c.o. status inasmuch as his claim was first filed subsequent to his notice to report for induction."

Defendant did not explain, though he took the witness stand, why he permitted four months or more to elapse, after being equipped with the form, without submitting it and/or why after he was classified I–A and received an induction notice he neither requested a personal appeal nor appealed. Defendant is a college graduate and a man of intelligence. His lack of attention to matters cannot be blamed upon his inability to understand the procedure or failure to read or comprehend the applicable rules and regulations.

■■ The court rejects defendant's contention that the mere request for a form 150 in effect establishes a prima facie showing of conscientious objector status. *See e.g.*, United States v. Larson, 455 F.2d 187 (8th Cir. 1972), in which the Eighth Circuit upheld a similar finding of this court. The court has stated on numerous occasions that a draft board, in contrast to those agencies which deal with social welfare problems such as unemployment, welfare, social security, etc., is not a paternalistic organization. It is not its duty to comb through the defendant's life history to determine whether he might possibly have some reason for not being eligible for the armed services. The burden is on the registrant himself to furnish sufficient facts to constitute at least a prima facie showing for a deferment or non-combatant classification. A registrant's mere statement of intention to do so sometime in the future is not enough, absent some valid excuse.

■ Defendant's cited cases are distinguishable on their facts and to the extent the decision in this case runs contrary to them, if it does, this court does not believe it should follow them.